

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00047-CR

_____

MILTON EDWARD GRIGGS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1401075

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Milton Edward Griggs pled guilty to the offense of failing to identify. Because he gave peace officers a false or fictitious name or date of birth while a fugitive from justice, the offense was a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.02(b), (d)(2) (West 2011). Following a bench trial on punishment, Griggs was sentenced to 300 days' confinement in the Hunt County Jail.

Griggs' attorney on appeal has filed a brief which states that she has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

In response to counsel's *Anders* brief, Griggs has filed a pro se response in which he admits that he provided false identification to peace officers, but complains that it was because he was being falsely accused of committing domestic violence.[1] Griggs also argues that (1) he was not a

---

[1] At the time he failed to identify, Griggs was on community supervision for driving while his license was invalid. The community supervision department's reports reflected that Griggs missed scheduled appointments, was not completing community service in a timely manner, and was alleged to have committed domestic violence, which he had denied. Griggs testified that he was "very well aware" of a problem at the community supervision office when he failed to identify.

2

fugitive from justice at the time he failed to identify, (2) his plea of guilt was unknowing, unintelligent, and involuntary because (a) he was unaware that the State had "enhanced" the offense to a Class A misdemeanor and (b) he was unaware of the range of punishment at the time of the plea,[2] and (3) his attorney was ineffective because he failed to properly communicate the level of offense and the range of punishment. After reviewing the record, we find that these points are without merit.

However, the judgment must be modified to delete the assessment of several improperly imposed fees. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

Even though the record demonstrated that Griggs was indigent, the trial court's judgment ordered him to pay attorney fees in the amount of $1,985.00. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services

---

[2]Before sentence was pronounced, the State reminded the trial court that the offense was a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.02(b), (d)(2). Griggs' counsel affirmed that there was "no . . . reason under the law" why sentence should not be passed.

provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Griggs had financial resources or was otherwise able to pay appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Additionally, the bill of costs in this case reflects a $20.00 jury trial fee and a $5.00 fee for summoning a jury. "A defendant convicted by a jury in a county court, a county court at law, or a district court shall pay a jury fee of $20" and a "$5 [fee] for summoning a jury, if a jury is summoned." TEX. CODE CRIM. PROC. ANN. arts. 102.004(a), 102.011(a)(3) (West 2006 & West Supp. 2014). Because Griggs was not convicted by a jury and no jury was summoned, the assessment of these fees was also erroneous.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, we modify the trial court's judgment by deleting the assessment of (1) court-appointed attorney fees, (2) the $20.00 jury fee, and (3) the $5.00 jury summoning fee.

We affirm the trial court's judgment, as modified.[3]


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 12, 2015
Date Decided:     August 31, 2015

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.